```
              UNITED STATES DISTRICT COURT
               MIDDLE DISTRICT OF FLORIDA
                     TAMPA DIVISION
```

UNITED STATES OF AMERICA,

       Petitioner,
v.                                  Case No. 8:11-mc-29-T-33MAP

DAVID P. WAKEEN,

       Respondent.
_____/

**ORDER**

    This matter comes before the Court pursuant to Respondent David P. Wakeen's pro se Motion for Clarification of Contempt Order (Doc. # 43), filed on November 6, 2015, and Post Judgment Motion to Expunge Record (Doc. # 46), filed on November 17, 2015.  At the direction of the Court, the Government has responded to both Motions. (Doc. ## 45, 48). As explained below, the Court denies Wakeen's Motions.

**I.**    **Procedural History**

    The IRS initiated this action against Wakeen on March 2, 2011, by filing a Petition to Enforce IRS Summons. (Doc. # 1). This Court entered an Order directing Wakeen to appear before Judge Pizzo on May 19, 2011, and to "show cause why he should not be compelled to comply with Internal Revenue Service summons served upon him on September 22, 2010." (Doc. # 4 at 1).

    Wakeen appeared before Judge Pizzo on May 19, 2011, but

he did not cooperate, instead, he "refused to even identify himself by the name David P. Wakeen" and "offered no reasons why the summons served upon him on September 22, 2010, should not be enforced." (Doc. # 7 at 2). On June 13, 2011, this Court entered an Order that:

> Wakeen shall appear before Revenue Officer John W. Shatraw or any other designated officer of the Internal Revenue Service, at the date, time, and place hereafter fixed by Revenue Officer Shatraw, or his designee, to give testimony and produce for examination and copying the books, records, papers, and other data as demanded by the September 22, 2010, Summons. Failure to timely and completely comply with the terms of this Order may lead to the initiation of contempt proceedings.

(Doc. # 8 at 3).

On August 18, 2011, the United States moved for an order to show cause why Wakeen should not be held in contempt because Wakeen never produced the books, records, and other data demanded by the IRS. (Doc. # 13). After giving Wakeen multiple opportunities to comply with the IRS summons, the Court entered an Order on November 18, 2011, holding Wakeen in civil contempt. (Doc. # 27). The Court gave Wakeen until December 15, 2011, to purge himself of the contempt. (Id.). The Court warned Wakeen that he would be arrested if he failed to purge himself of the contempt. (Id.). Wakeen refused to comply with the Court's Order and the Court accordingly issued

a warrant for Wakeen's arrest. (Doc. # 35). Law enforcement from Pinellas County, Florida arrested Wakeen and held him in their jail. (Doc. # 45 at 1). Eventually, Wakeen purged himself of his contempt, and he was released from jail. (Doc. # 40).

II. **Wakeen's Motions for Clarification and Expungement**

At this juncture, Wakeen seeks "clarification" as follows: "The Pinellas County jail has it recorded on the Pinellas County website as a felony.  I was unaware and did not understand that civil contempt is a felony.  Could you please write me a letter or adjudicate that my arrest was misdemeanor in nature and not felonious." (Doc. # 43 at 1). Wakeen also seeks an Order to "expunge the record of this matter . . . since the respondent was not arrested for a felony." (Doc. # 46 at 1).

The Government reports that "the arresting agency . . . did not classify [Wakeen's] arrest as a misdemeanor or felony." (Doc. # 45 at 2).  In addition, the Government indicates that the arresting agency "did use, as a tracking number, a criminal felony case number (Court Case Number: CRCAC00054CFANO), but that case number was for tracking purposes only." (Id.).

The district court is granted jurisdiction to enforce a

3

summons issued under the Internal Revenue laws by 26 U.S.C. § 7604.  A contempt motion is premised on 18 U.S.C. § 401(3).  Civil contempt, which the Government sought in this case, is designed to force a contemnor to comply with a Court Order.  United Mine Workers of Am. v. Bagwell, 512 U.S. 821, 827 (1994); United States v. McCorkle, 321 F.3d 1292, 1298 (11th Cir. 2003). As explained in Local 28, Sheet Metal Workers' International Association v. EEOC, 478 U.S. 421, 443 (1986), "Criminal contempt sanctions are punitive in nature and are imposed to vindicate the authority of the court.  On the other hand, sanctions in civil contempt proceedings may be employed for either or both of two purposes: to coerce the defendant into compliance with the court's order, and to compensate the complainant for losses sustained." Id.

If a court finds that contempt has indeed occurred, it has remedies and sanctions at its disposal to compel compliance, including fines, fees, and incarceration. Bagwell, 512 U.S. at 828-29.  In this matter, the Court imposed fines and ultimately ordered Wakeen's arrest and incarceration; however, the Court found Wakeen to be in civil contempt.  Thus, Wakeen has neither a felony nor a misdemeanor on his record, such that clarification or expungement are required.

4

In addition, and specifically with reference to Wakeen's nebulous request for expungement of his record, the Court highlights the "strong public interest in maintaining accurate records in civil cases" as well as the "strong public interest in free and open access to court documents." McGough v. Corr. Corp. of Am., No. 1:07-cv-39, 2008 U.S. Dist. LEXIS 118634, at *8-9 (M.D. Tenn. Jan. 10, 2008). Wakeen has not provided an explanation as to why any portion of this case should be removed from the public domain or otherwise expunged. As explained by the Eleventh Circuit in Brown v. Advantage Engineering, Inc., 960 F.2d 1013, 1016 (11th Cir. 1992), "Once a matter is brought before a court for resolution, it is no longer solely the parties' case, but is also the public's case." American courts recognize a general right "to inspect and copy public records and documents, including judicial records and documents." Nixon v. Warner Commc'n, Inc., 435 U.S. 589, 597 (1978).

The Eleventh Circuit has noted, "The operation of the courts and the judicial conduct of judges are matters of utmost public concern and the common-law right of access to judicial proceedings, an essential component of our system of justice, is instrumental in securing the integrity of the process." Romero v. Drummond Co., 480 F.3d 1234, 1245 (11th

Cir. 2007)(internal citations omitted). The court further explained, "This right of access includes the right to inspect and copy public records and documents. This right of access is not absolute, however [and] may be overcome by a showing of good cause." Id. Wakeen has not shown good cause for the extraordinary relief of expungement. As explained above, both the Motion for Clarification and the Motion for Expungement are denied.

Accordingly, it is

**ORDERED, ADJUDGED**, and **DECREED**:

David P. Wakeen's Motion for Clarification of Contempt Order (Doc. # 43) and Post Judgment Motion to Expunge Record (Doc. # 46) are **DENIED**.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 30th day of November, 2015.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE